CASE 33—PETITION EQUITY—FEBRUARY 28.

## Phillips' executor vs. Stites, &c.

APPEAL FROM NELSON CIRCUIT COURT.

A testator devised 450 acres of land to his daughter on condition that she should pay to her two nephews $500 each. The daughter died, devising the same land to the nephews. *Held*—That as the legacy was a direct charge on the particular estate devised to the legatees by the daughter, it must be deemed a satisfaction of the legacies.

J. W. Muir, for appellants, cited 2 *Bibb*, 408; 6 *Mon.*, 635; 3 *J. J. M.*, 215, 365; 1 *Dana*, 203; 1 *Met.*, 460.

Johnson & Hardin, for appellees, cited 1 *B. Mon.*, 230; 3 *Bibb*, 286; *Powell on Dev.*, 297, 301; 2 *Jarman on Wills*, 362, and note.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

Samuel P. Phillips, by the third clause in his will, devised to his daughter, Louisa J. Phillips, the balance of his home farm, supposed to be 450 acres, by paying his two grandsons, S. P. and Lewis Stites, five hundred dollars, as they arrived at twenty-one years of age, in current money; also a part of his slaves, and two thousand dollars in money and other personal estate.

In a short time after the death of her father, the devisee, Louisa J. Phillips died testate, and devised to said S. P. and Lewis Stites the land, and the two thousand dollars devised to her by her father, and other estate; and after making this

very liberal provision for her two nephews before named, and making specific bequests of particular articles of personal property and money to various persons, she gave the residue of her estate to three Misses Coke, who were her cousins.

These favored devisees, the Stites, claim, in addition to the land and personalty devised and bequeathed to them, that their benefactress was indebted to them the one thousand which their grandfather bequeathed to them, and which she, by taking the land under his will, become bound to pay.

The court below adjudged them entitled to the thousand dollars, notwithstanding the devise to them of the land, and that judgment is appealed from.

We cannot concur in opinion with the circuit judge.

The condition upon which Miss Phillips was to have the land, was the payment to her nephews of the thousand dollars. By declining to take the land, she might have avoided the payment of the money; and, in that event, the legatees .must have looked alone to the land for payment. The legacy was a direct charge upon that particular estate, and if they take under her will the whole estate upon which their legacy is a charge, that must be deemed a satisfaction of their claim for the $1,000, in the absence of anything in the will indicating a different intention on the part of the testatrix.

Wherefore, the judgment is *reversed*, and the cause remanded, with directions to enter a judgment in accordance herewith, and for further proceedings consistent with this opinion.